In the Matter of BROOKLYN EDISON COMPANY, INC., Respondent, against MAURICE P. DAVIDSON, as Commissioner of Water Supply, Gas and Electricity of the City of New York, Appellant.

(Argued October 9, 1935; decided November 19, 1935.)

*Paul Windels, Corporation Counsel* (*Joseph L. Weiner*
and *Arthur A. Segall* of counsel), for appellant. A
transformer is not a conductor within the meaning of the
Transportation Corporations Law (Cons. Laws, ch. 63;
*Ghee* v. *Northern Union Gas Co.*, 158 N. Y. 510.)

*Jacob H. Goetz, Thomas H. Beardsley* and *John D.
Monroe* for respondent. The enforcement of the resolu-
tion of the Board of Commissioners of the Sinking Fund
would impair the obligation of respondent's franchise
rights. (*People ex rel. Electric Lines Co.* v. *Squire*, 145
U. S. 175; *People ex rel. N. Y. Electric Lines Co.* v. *Ellison*,
188 N. Y. 523; 201 N. Y. 321; *United States Ill. Co.* v.
*Grant*, 55 Hun, 222; *Matter of City of New York* v. *Prender-
gast*, 202 App. Div. 308; *White* v. *N. Y. C. & H. R.
R. R. Co.*, 90 App. Div. 356; 181 N. Y. 577; *Kleffman* v.
*Dry Dock Co.*, 104 App. Div. 416; *Holmes Elec. Pro-
tective Co.* v. *Williams*, 228 N. Y. 407; *Union Ry. Co.* v.
*City of New York*, 238 N. Y. 289; *People ex rel. Ostrander*
v. *Chapin*, 105 N. Y. 309; *Bliss* v. *Greeley*, 45 N. Y. 671;
*People ex rel. Woodhaven Gas Co.* v. *Deehan*, 153 N. Y.
528; *Brooklyn Heights R. R. Co.* v. *City of Brooklyn*, 152
N. Y. 244; *Wooley* v. *Grand Street & Newtown R. R. Co.*,
83 N. Y. 121; *Hudson River Tel. Co.* v. *Watervliet Turnpike
Ry. Co.*, 135 N. Y. 393; *People ex rel. Perceval* v. *Public
Service Comm.*, 163 App. Div. 705; *Allegheny Light Co.* v.

*Booth,* 216 Penn. St. 564; *Cooperstone* v. *Brooklyn Edison Co.,* 128 Misc. Rep. 216.)

O'BRIEN, J. Petitioner applied to the Commissioner of Water Supply, Gas and Electricity of the city of New York for permits for the construction of transformer manholes and the installation of transformers in fifteen locations in and under public streets in the borough of Brooklyn. That official denied the application for the reason, as stated by him, that he possessed no authority to issue any permit except upon compliance by petitioner with a resolution of the Commissioners of the Sinking Fund adopted January 16, 1935, in relation to the installation of transformer vaults. Thereupon petitioner moved for an order of mandamus, peremptory or alternative, to compel him to issue the permits. The court at Special Term granted the motion for an alternative order of mandamus, but the Appellate Division reversed, granted the motion for a peremptory order and directed the Commissioner to issue the permits. In so far as that court decided that the record discloses no triable issue under an alternative order we agree. The question, as we conceive it, is wholly one of law.

Petitioner bases its right to permits for the construction of these manholes or vaults and the installation of transformers therein on the proposition that such a transformer constitutes a " *conductor* with the necessary *fixtures* " within the meaning of section 11, subdivision 3, of the Transportation Corporations Law (Cons. Laws, ch. 63). This statute authorizes an electric corporation " for transmitting and distributing electricity, to lay, erect and construct suitable wires or other *conductors,* with the necessary poles, pipes or other *fixtures* in, on, over and under the streets   *   *   *   with the consent of the municipal authorities thereof, and in such manner and under such reasonable regulations, as they may prescribe." The administrative official of the city of New York who is designated to exercise authority in respect to the lay-

ing of electrical conductors is the Commissioner of Water Supply, Gas and Electricity. (Greater New York Charter, Laws of 1901, ch. 466, §§ 526, 528.)

Although a transformer may be said to conduct in the sense that by means of its operation electricity is incidently transmitted through it and is transferred and distributed, its primary function consists in the process of reducing and converting from a high to a lower potential. The instrument or machine, which petitioner seeks to install beneath the surface of public highways within a concrete and reinforced steel vault sixteen feet, eleven inches long by four feet, six inches wide and eight feet deep, is described as a 500 KVA transformer which with its equipment, is estimated to weigh upwards of five tons. The question of law requires an answer whether an instrumentality of this character was intended by section 11, subdivision 3, of the Transportation Corporations Law to be included within the expression " wires or other conductors, with the necessary poles, pipes or other fixtures in, on, over and under the streets."

The statutory history of section 11, subdivision 3, of the present Transportation Corporations Law is a long one. In order to expose the meaning of the words " conductors " and " other fixtures " when used with the words " poles " and " pipes," the provisions of this enactment must be considered in relation to the purpose of the statutes from which it is derived (Laws of 1879, ch. 512, § 2; Laws of 1881, ch. 483, § 1; Laws of 1884, ch. 534; Laws of 1885, ch. 499, §§ 2, 3, 4; Laws of 1890, ch. 566, § 61; Laws of 1899, ch. 565, § 1; Laws of 1900, ch. 575, § 2; Laws of 1902, ch. 596, § 1; Laws of 1909, ch. 219; Laws of 1920, ch. 540; Laws of 1923, ch. 539). Those statutes, as well as the provisions of sections 526 and 528 of the Greater New York Charter, demonstrate a clear intent to legislate in respect to overhead construction and subsurface construction of instrumentalities for transmitting electric current. For transmission above

ground wires or cables and " poles " are the appliances; for transmission below the surface, wires or cables and " pipes or. other fixtures " are the channels which the Legislature had in mind. The " other fixtures," that is, the fixtures other than pipes, must be regarded as the conduits or electrical subways within which the wires or cables are inclosed. The conductors as used in all these statutes must be deemed to include only those media the primary function of which is transmission. To transmit rather than to reduce, transform or convert is the purpose of wires and cables and it is in this sense that we think the word " conductor " was employed in this legislation. A pole is a " fixture " for supporting the conductor; a pipe or a conduit is a " fixture " for inclosing it. To infer that equipment such as these 500 KVA transformers was within the contemplation of the Legislature is difficult. We must hold as matter of law that these transformers are neither conductors nor other fixtures within the meaning of section 11, subdivision 3, of the Transportation Corporations Law, and that the facts shown in respect to installation of similar equipment are not sufficient to bring the case within the application of the rule of practical construction. The franchise of petitioner is not so broad as to authorize it to occupy the public highways with the equipment which it now seeks to install. Its remedy is by an application to the Board of Estimate and Apportionment for the exercise of the powers of that municipal agency vested in it by section 242 of the Greater New York Charter (L. 1901, ch. 466, as amd.).

The orders should be reversed and the petition dismissed, with costs in all courts to appellant. (See 269 N. Y. 678.)

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.