■ In the Matter of BROOKLYN UNION GAS COMPANY, Appellant, against JOHN CASHMORE, as President of the Borough of Brooklyn, et al., Respondents.— In a proceeding to compel the issuance of a permit for the installation of a gas pressure regulating station in a public street, the appeal is from an order denying the application and dismissing the petition. Order affirmed, with $10 costs and disbursements (see *Matter of Brooklyn Edison Co.* v. *Davidson*, 269 N. Y. 48). Beldock, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., dissent and vote to reverse the order

and to grant the petition, with the following memorandum: Section 11 of the Transportation Corporations Law, dealing with gas and electric corporations, provides in part that: "Every such corporation shall have the following powers: 1. A gas corporation and a gas and electric corporation shall have power * * * to lay conductors for gas in the streets, highways and public places, in each city ' * * named in its certificate of incorporation, with the consent of the municipal authorities of such city * * * under such reasonable regulations as they may prescribe." It may not be said that the power to conduct gas through mains in the streets does not include the right and duty to regulate its flow as necessity dictates for the convenience and safety of its consumers. There is no analogy between the cases referring to electric current and the one presently under consideration. The very nomenclature is indicative of the difference between a "regulator" and a "transformer". No change is made in the character or the nature of the gas by a "regulator".