Btjbke, J.
(dissenting). This appeal presents for disposition the question whether certain gas pressure regulating stations are “ conductors ” within the meaning of subdivision 1 of section 11 of the Transportation Corporations Law. If they are, the petitioner and other gas companies operating in the city of New York may install the regulators in any or all of the *729 public streets under their franchise rights without further consent of the city. At present the installation of 356 of such stations, each of which measures approximately 365 cubic feet, is contemplated.
In the view we take, the case falls clearly within the decision of this court in Matter of Brooklyn Edison Co. v. Davidson (269 N. Y. 48). Treating of subdivision 3 of section 11 of .the Transportation Corporations Law, the court stated in that case that “ The conductors as used in all these statutes must be deemed to include only those media the primary function of which is transmission” (Matter of Brooklyn Edison Co. v. Davidson, supra, p. 52; emphasis added). On that basis it was held that although a transformer incidentally participates in the conduction of electricity, transmission of electricity is not its primary function, and for that reason it is not a conductor within the meaning of the statute.
The parallel here seems to us complete. Primarily, the function of a gas pressure regulating station is to keep at a required level the pressure of gas used by the consumers. Its service as a channel or conduit is only incidental. The transformers which were the subject of review in the Brooklyn Edison case were installed in order to reduce the voltage to a level required by the consumers of electricity and, like the pressure regulating stations here, only incidentally transmitted electricity. There is no legal difference between the primary function of an electrical transformer and a gas pressure regulator. The reduction of the voltage in electrical transmission is analogous to the reduction of pressure of gas in the mains.
The majority contends that there is involved here a question of fact which cannot be decided except after a full trial. This contention can be justified only by overruling our determinations in Matter of Brooklyn Edison Co. v. Davidson (supra) and by ignoring the state of the record before us. In the Brooklyn Edison case it was unequivocally held that the question whether transformers were conductors within the meaning of the provisions of the statute now before us, was wholly one of law and for that reason should be decided upon affidavits, (Matter of Brooklyn Edison Co. v. Davidson, supra, pp. 50, 52). , The reasoning adopted by the majority was squarely before this court then and unanimously rejected. (See Matter of Brooklyn Edison Co. v. Davidson, 245 App. Div. 844, 845 [dissenting memorandum].) Moreover, by remitting the proceeding for *730 trial, we would, for practical purposes, accomplish nothing more than the postponement of decision on a matter of importance. The parties have marshalled the material facts involved in the controversy through the affidavits of their experts, and have argued their respective positions as thoroughly as though the matter had been tried. The conceded facts are before us now. The conclusions of the experts must be considered together with the statute to determine the rights of the parties. Little, if anything, will be produced on a trial that has not already been amply presented in the affidavits.
The order of the Appellate Division should be affirmed.
Chief Judge Conway and Judges Fuld, Froessel and Van Voorhis concur in Per Curiam opinion; Judge Burke dissents in an opinion in which Judges Desmond and Dye concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs.